UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Summons Regarding<br><br>20-015-04 | No. 4-20-mc-06<br><br>**"REDACTED" APPLICATION FOR ORDER COMMANDING ▓▓▓▓▓ NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT** |

The United States, through Assistant United States Attorney Jennifer D. Mammenga, hereby requests that the Court order ▓▓▓▓▓ (hereinafter ▓▓▓▓▓) not to notify any person (including the subscribers and customers of the account(s) listed in the summons of the existence of the attached summons for a period of 90 days, subject to renewal, or until further order of the Court.

▓▓▓▓▓ is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached summons, which requires ▓▓▓▓▓ to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached summons relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached summons will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the summons, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the order filed herewith directing ■■■■ not to disclose the existence or content of the attached summons, for a period of 90 days, subject to renewal, or until further order of the Court, except that it may disclose the attached summons to its attorney for the purpose of receiving legal advice.

Dated this 21st day of February, 2020.

                                RONALD A. PARSONS, JR.
                                United States Attorney

                                *Connie Larson for*
                                Jennifer D. Mammenga
                                Assistant United States Attorney
                                P.O. Box 2638
                                Sioux Falls, SD 57101-2638
                                Telephone:  (605)357-2362
                                Facsimile:  (605)330-4410
                                E-Mail:  connie.larson@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Search Regarding<br><br>20-015-04 | No. 4:20-mc-06<br><br>**"REDACTED" ORDER COMMANDING ▮▮▮ NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT** |

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an order commanding ▮▮▮. (hereinafter ▮▮▮), an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account(s) listed in the summons of the existence of the attached summons until further order of the Court.

The Court determines that there is reason to believe that notification of the existence of the attached summons will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses.  *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that ▮▮▮ shall not disclose the existence of the attached summons, or this order of the Court, to the listed subscriber or to any other person, for a period of 90 days, subject to renewal, or until otherwise authorized to do so by the Court, except that ▮▮▮ may disclose the attached summons to its attorney for the purpose of receiving legal advice.

Dated: 2-21-2020

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE